Nicot, Plaintiff and Appellee, *v.* Valdecilla et al., Defendants and Appellants.

Appeal from the District Court of Ponce *in Re* a Memorandum of Costs.

No. 2438.—Decided May 31, 1921.

Attorney Fees—Jurisdiction—Appeal—Res Judicata.—The question that the district court has no jurisdiction of the case because the amount claimed did not exceed $500 can not be successfully raised to support an objection to the allowance of attorney fees to the plaintiff after that question had been decided in an appeal from the judgment in favor of the jurisdiction and had become *res judicata.* Besides, section 327 of the Code of Civil Procedure was amended by Act No. 38 of April 12, 1917, by eliminating the provision that no attorney fees should be allowed to a party to an action or proceeding unless the amount in controversy exceeded $500.

Id.—It can not be concluded that the district court erred in allowing attorney fees and fixing the amount in the absence of evidence by the plaintiff to justify the allowance when the transcript shows that the court had before

it the record of the case with all the elements necessary for estimating the value of the professional services of the attorney in the court below.

ID.—ID.—ID.—District courts have no jurisdiction to allow attorney fees to be included in a memorandum of costs for professional services rendered before the Supreme Court on appeal.

The facts are stated in the opinion.

*Mr. J. Tous Soto* for the appellants.

*Mr. R. Martínez Nadal* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In an action brought in the District Court of Ponce by Rafael Nicot against Ramón Valdecilla and Eduardo Rivera de León for the performance of a contract of survey and for damages, the said court entered judgment on February 3, 1919, in favor of the plaintiff and imposed the expenses, disbursements and attorney fees of the plaintiff upon the, defendants. The judgment was affirmed by this court on appeal on June 3, 1920.

On the 12th of that month the plaintiff presented to the district court a memorandum of costs and disbursements, sworn to by his attorney, R. Martínez Nadal, made up of several items amounting to $532.60, among which was one of $500 for the fees of attorney R. Martínez Nadal for study-ing the case, filing the complaint, conducting the trial, filing a brief in the trial court, taking an appeal and filing a brief in the Supreme Court.

The defendant objected to the amount of the attorney fees because, considering the simplicity of the evidence, the time required for the trial, the nature of the case and the small amount in controversy, the sum of $500 was clearly excessive, for it was more than twice the amount in con-troversy. To this objection the plaintiff replied that the small amount in controversy had nothing to do with the as-sessment of attorney fees; that the court should take into account the temerity of the litigant; that it was necessary to make a study of the case for preparing the complaint;

that the defendants are wealthy; that the trial in the district court consumed a session of the court; that it was necessary to present a brief to the said court and to study and discuss the statement of the case and file a brief in the Supreme Court, and that the amount claimed for fees was just and reasonable. By an order of July 22, 1920, the court fixed the fees of attorney Rafael Martínez Nadal for the study of the case, the complaint, the trial in the court below, the brief, the study of the appeal and the brief filed in the Supreme Court at the sum of $300, the memorandum of costs and disbursements being thus reduced to the sum of $332.60.

That order has been appealed from by the defendants and the following grounds are alleged in support of the appeal:

1st. That the district court erred in granting attorney fees in a case involving less than $500;

2nd. That the court also erred in granting attorney fees and fixing the amount thereof without the plaintiff's producing any evidence to justify the same.

As to the first error assigned, the appellant himself alleges that the appeal from the judgment involved the jurisdiction of the district court because the amount sued for did not exceed $500 and although that question was decided adversely, it may be raised at any time and, therefore, in opposition to the allowance of attorney fees, because it goes to the jurisdiction of the court. If that jurisdictional question has already been decided by the Supreme Court on appeal it is *res judicata* and can not be raised again. It has already been decided that the amount in controversy exceeds $500. But even if this were not so the allegation of the appellant would have no lawful force, inasmuch as section 327 of the Code of Civil Procedure was amended by Act No. 38 of April 12, 1917, excluding the former requirement that attorney fees should not be allowed in an action or proceeding unless the amount in controversy exceeded $500.

The second assignment of error is also without merit, for

the court which entered the order appealed from had before it for consideration the record of the case with all the elements necessary for estimating the professional services of the plaintiff's attorney and fixing the amount of his fees.

But there is another question which has not been raised by the appellant and which this court may raise *motu proprio* because it affects the jurisdiction of the lower court. It is that the attorney fees were fixed after taking into account the study of the appeal and the brief filed in the Supreme Court in addition to the professional services of the attorney in the lower court.

We are of the opinion that in determining the attorney fees the District Court of Ponce had no jurisdiction to consider the professional services rendered in the Supreme Court in addition to those rendered in the lower court.

In accordance with section 339 of the Code of Civil Procedure, as amended by the Act of March 12, 1908, a memorandum of costs can include only the attorney fees for services rendered in the district court and not for those rendered in the Supreme Court. The reason is obvious. When the memorandum was presented no services had been rendered in the Supreme Court. Section 339 of the Code of Civil Procedure, as so amended, was also amended by Act No. 15 of November 19, 1917, but that amendment contains nothing allowing the inclusion of attorney fees for services rendered in the Supreme Court.

The court below had no knowledge of the professional services rendered by attorney Martínez Nadal in the Supreme Court and section 8 of the Code of Civil Procedure prohibits this court from allowing fees to any officer for his services.

This being the case, we must arrive at the conclusion that the District Court of Ponce was without jurisdiction to include in the fees of attorney Rafael Martínez Nadal the item for professional services rendered by him in the Supreme Court, for its judgment could not cover that item; therefore,

we can not say how much the lower court intended that the said attorney should be allowed for his services rendered in that court.

The order is reversed as to the part appealed from and the case is remanded to the lower court with instructions to fix the amount of the fees earned therein by attorney Rafael Martínez Nadal, without considering his professional services rendered in this court.

*Reversed and remanded.*

Justices Wolf, Del Toro and Aldrey concurred.

Mr. Justice Hutchison concurred in the judgment.